# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

MARY BROWN, )
 )
        Plaintiff, )
 )
v. ) No. CIV-09-457-SPS
 )
MICHAEL J. ASTRUE, )
Commissioner of the Social )
Security Administration, )
 )
        Defendant. )

## OPINION AND ORDER

The claimant Mary Brown requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As discussed below, the decision of the Commissioner is hereby AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do his previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security

regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Sec'y of Health & Human Svcs.*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

**Claimant's Background**

The claimant was born August 18, 1956, and was fifty-two years old at the time of the administrative hearing (Tr. 10, 91). She completed the eleventh grade (Tr. 10) and has worked as a dietary aide and kitchen helper (Tr. 23-24). The claimant alleges that she has been unable to work since April 15, 2003, due to vertigo, tendonitis, hepatitis, high blood pressure, depression, anxiety, post traumatic stress disorder, and right and left wrist injuries (Tr. 11, 124).

**Procedural History**

The claimant applied on April 13, 2006 for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her application was denied. ALJ Osly F. Deramus held an administrative hearing and found the claimant was not disabled in a written opinion dated May 7, 2009 (Tr. 5-15). The Appeals Council denied review; thus, the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform the full range of light work as defined in 20 C.F.R. §§ 404.1529 and 416.967(b), except that she was to avoid heights (Tr. 41). The ALJ concluded that, although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was work she

could perform in the regional and national economies, *e. g.*, remnant sorter and laundry classifier (Tr. 22-23).

## Review

The claimant contends that the ALJ erred: (i) by failing to find her wrist injuries to be a severe impairment; (ii) by failing to consider her wrist injuries through all five steps of the analysis, particularly when he found that she was able to meet the job requirements of either remnant sorter or laundry classifier; and (iii) by substituting his own opinion for that of a medical source. The Court finds these contentions unpersuasive, and the decision of the Commissioner must therefore be affirmed.

The relevant medical evidence reveals that consultative examiner Dr. Paul Dichter evaluated the claimant on July 11, 2006 and noted her history of previous right hand injury, but his hand/wrist evaluation worksheet indicated that she had full range of motion in both wrists and all fingers (Tr. 240-45). Additionally, the claimant sustained a fall on May 6, 2007, and Dr. Jack Howard performed surgery on the claimant's left hand and wrist on May 17, 2007. His treatment notes, which go through August 8, 2007, indicate that she did "really well" post-operatively, and that her "range of motion continue[d] to improve" and had already "improved significantly" (Tr. 270-73). Physical therapist Larry Compton also worked with the claimant through August 2007, following her left hand/wrist surgery. His treatment notes indicate that the claimant reported significant improvement following her surgery and that she had reported "pain and stiffness" after picking up seven or eight cast-iron skillets, but that the pain had subsided

two days later (Tr. 256-67). On August 8, 2007, the claimant's had a grip strength of 51 pounds in the right hand, and 30 pounds in the left hand (Tr. 259).

At the administrative hearing, the claimant testified that she had sustained separate injuries to both hands and wrists; that she had surgery on her left hand, but could not afford surgery for her right hand; that she thought her left hand was "better now than my [right] hand"; that she occasionally has numbness, swelling, and trouble gripping things with her right hand; that she estimated her grip strength to be a two out of five in her right hand; that she can still sign her name; and that she estimated she could lift approximately ten pounds with both hands, and five to ten pounds with the right hand (Tr. 17-19). The ALJ later posed questions to the vocational expert ("VE"), including whether there were jobs available for someone with the claimant's age, background, and past work experience, who could only do light work that was limited by being unable to grasp; the VE indicated that there were no jobs available with such restrictions (Tr. 25-26).

In his written decision, the ALJ described the above medical evidence, noting in particular that Dr. Howard's notes never implicated a significant limitation and concluding, "Based on [Dr. Howard's] findings there is no evidence to suggest that the claimant's condition did not rapidly improve with treatment or that she has an significant residual limitation, and therefore, the past injuries to her wrists are considered not severe" (Tr. 39). The ALJ also summarized the claimant's testimony (including her statement that she could only lift five to ten pounds with her right hand, and ten pounds with both hands) but found it was "not credible" given the "intensity, persistence and limiting effects of [her] symptoms" (Tr. 42).

As to the claimant's first argument, the undersigned finds that the Court did not err in failing to classify the claimant's wrist injuries as severe.  A claimant has the burden of proof at step two of the sequential analysis to show that she has an impairment severe enough to interfere with the ability to work.  *See Bowen v. Yuckert*, 482 U.S. 137 (1987).  This determination "is based on medical factors alone, and 'does not include consideration of such vocational factors as age, education, and work experience.'" *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004), *quoting Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).  Although a claimant "must show more than the mere presence of a condition or ailment[,]" *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997), the claimant's step-two burden only requires a "de minimis" showing of impairment, *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997), *citing Williams*, 844 F.2d at 751.  A finding of non-severity may be made only when the medical evidence establishes a slight abnormality or a combination of slight abnormalities which would not have any more than a minimal effect on an individual's ability to work.  *See Hinkle*, 132 F.3d at 1352.  Here, the claimant established the presence of past wrist/hand injuries, but the ALJ found no evidence of a "significant residual limitation."  The mere presence of claimant's past injuries was insufficient for a step-two showing.  *See Williamson v. Barnhart*, 350 F.3d 1097, 1100 (10th Cir. 2003) (holding that the mere presence of a condition, without proof that the condition limits basic work activities, is insufficient for a step-two showing).

Regarding the claimant's second contention, the ALJ clearly *did* consider all of the claimant's limitations throughout his analysis, and properly determined that the claimant

could perform the two listed jobs. Even though the ALJ found that the claimant's wrist injuries were not severe at step two, he considered at later steps their effect—if any—on the claimant's abilities. *See Hill v. Astrue*, 289 Fed. Appx. 289, 292 (10th Cir. 2008) ("[The ALJ's] failure to find that additional alleged impairments are also severe is not in itself cause for reversal. But this does not mean that the omitted impairment simply disappears from his analysis. In determining the claimant's RFC, the ALJ is required to consider the effect of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'").

The claimant argues that she could not perform the jobs of remnant sorter or laundry classifier, because they required frequent and/or occasional reaching, handling, fingering, and feeling. However, there is no medical evidence in the record to support claimant's assertions that she cannot perform those requirements, and the ALJ found that the claimant's own statements as to her impairments—including her statements as to her ability to lift above ten pounds—were inconsistent with and not supported by the record (Tr. 42). Although the ALJ *did* question the VE as to whether the claimant would be able to perform light work if she were unable to grasp, the ALJ *is not bound* by the VE's assessment on that question because he ultimately did not accept such a limitation as true. *See Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990) (the ALJ is not bound by the VE's response to a hypothetical, if it contained impairments the ALJ did not accept as true); *see also Grissom v. Barnhart*, 139 Fed. Appx. 932, 933 (10th Cir. 2005) ("[The ALJ] properly disregarded that part of the VE's testimony made in response to a hypothetical that included impairments not supported in the record.") [unpublished

7

opinion]; *see also Decker v. Chater*, 86 F.3d 953, 955 (10th Cir. 1996) (finding that a hypothetical question to the VE "must reflect with precision all of [the claimant's] impairments, but [it] need only reflect impairments and limitations that are borne out by the evidentiary record."), *citing Hargis*, 945 F.2d at 1492.

Finally, the Court can find nothing in the record to support the contention that the ALJ impermissibly substituted his own medical opinion for that of any physician. *See Kemp v. Bowen,* 816 F.2d 1469, 1476 (10th Cir. 1987) ("While the ALJ is authorized to make a final decision concerning disability, he can not interpose his own 'medical expertise' over that of a physician[.]"). In this regard, it is significant that the claimant does not even name the physician whose role was allegedly usurped by the ALJ.

## Conclusion

In summary, the Court finds that correct legal standards were applied by the ALJ, and the decision of the Commissioner is supported by substantial evidence. Accordingly, the ruling of the Commissioner is hereby AFFIRMED.

**DATED** this 24th day of March, 2011.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma